UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUNHA, | No. C 07-2244 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BLAIR ANGUS; COUNTY OF HUMBOLDT PUBLIC DEFENDER'S OFFICE, | |
| Defendants. | |

James Edward Cunha, an inmate at the California State Prison - Corcoran, filed a pro se civil rights complaint under 42 U.S.C. § 1983. In his complaint, Cunha complains that Blair Angus, a deputy public defender in the Humboldt County Public Defender's Office, did a poor job representing him in his criminal case in that she neglected to file an appeal. He alleges that her conduct may affect the outcome of Cunha's appeal, as he was required to file a late brief himself. The other defendant, the County of Humboldt Public Defender's Office, is sued because it was "superior to Blair Angus, therefore responsible for her actions." Complaint, p. 2. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See

28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim for relief against defendant Angus. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that she was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S. 814 (2003). The preparation of and filing of an appeal brief are squarely within those lawyer's traditional functions covered by Polk County. A § 1983 claim may not be asserted for these traditional lawyer functions.

The complaint also fails to state a claim for relief against the public defender's office. Angus' employer, the Humboldt County Public Defender's Office, was sued under a theory of respondeat superior, but that theory is not permissible in a § 1983 action. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile. The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 3, 2007

Marilyn Hall Patel
United States District Judge

2